UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD LEE HARRISON,         :    CIVIL NO. **1:09-CV-01600**
                             :
          Plaintiff      :    (Judge Conner)
                             :
          v.           :    (Magistrate Judge Smyser)
                             :
WARDEN BLEDSOE, MRS. REAR,    :
MARIANO, ESTRADA, PASSANITI,  :
BREWER, REEVES and HOUSER,    :
                             :
         Defendants    :

## REPORT AND RECOMMENDATION

On August 20, 2009, the plaintiff, a federal prisoner proceeding *pro se*, commenced this *Bivens*[1] action by filing a complaint.  The plaintiff also filed an application to proceed *in forma pauperis* and a motion for the appointment of counsel.

By an Order dated August 31, 2009, we granted the plaintiff's application to proceed *in forma pauperis* and we reviewed the complaint pursuant to 28 U.S.C. § 1915A as follows:

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

The complaint names as defendants eight officials and employees at the United States Penitentiary at Lewisburg. The plaintiff claims that the defendants denied him due process and violated his Eighth Amendment right to be free from cruel and unusual punishment in connection with his placement and confinement in the Special Management Unit (SMU). The plaintiff alleges that on December 12, 2008, he was designated to the new SMU program. He alleges that since that time his confinement in the SMU has not been reviewed and he has not received a hearing. He alleges that this violates a Bureau of Prisons program statement. The plaintiff claims that by failing to comply with the program statement the defendants are violating his due process rights.

The plaintiff is seeking injunctive relief as well as compensatory and punitive damages.

We conclude that the complaint fails to state a due process claim upon which relief may be granted.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. A due process claim requires a two part analysis. First, the court must determine whether the interest asserted by the plaintiff is within the scope of protection of life, liberty, or property found in the Due Process Clause. *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). Second, if the interest is protected by the due process clause, "the question then becomes what process is due to protect it." *Id.*

In the past, in determining whether prison regulations created liberty interests, courts examined the regulations for explicitly mandatory language and specific substantive predicates giving rise to a reasonable expectation that an event would not occur unless the circumstances identified in the regulations were met. *Hewitt v. Helms*, 459 U.S. 460, 472 (1983). In *Sandin v. Conner*, 515 U.S. 472 (1995), however, the United States Supreme Court, addressing the question of when state prison regulations can create liberty interests protected by the Due Process Clause, modified the *Hewitt* analysis. The Court held that:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. at 483-84.

In *Sandin*, the inmate was sentenced to thirty days of disciplinary confinement in the Special Holding Unit. As a result of the prisoner's disciplinary segregation he "had to spend his entire time alone in his cell (with the exception of 50 minutes each day on average for brief exercise and shower periods, during which he nonetheless remained isolated from other inmates and was constrained by leg irons and waist chains.)" *Id*. at 494 (Breyer, J. dissenting). The Court concluded that the inmate's thirty days in the Special Holding Unit did not impose the type of atypical significant deprivation freedom from which the state might conceivably have made into a

3

liberty interest. *Id.* at 486.  The Court noted
that in that case disciplinary confinement at
the prison in question, with only insignificant
exceptions, mirrored conditions imposed on
inmates in administrative and protective
custody; that based on a comparison of inmates
inside of and outside of disciplinary
segregation, placement in segregation for
thirty days did not work a major disruption in
his environment; that disciplinary action did
not inevitably affect the duration of the
inmate's sentence; and that the "regime to
which he was subjected was within the range of
confinement to be normally expected for one
serving an indeterminate term of 30 years to
life." *Id.* at 486-87.

While *Sandin* addressed state-created
liberty interests under the Fourteenth
Amendment, its reasoning also applies to Fifth
Amendment due process claims brought by federal
prisoners pursuant to *Bivens. Crowder v. True*,
74 F.3d 812, 814-15 (7th Cir. 1996).

After *Sandin,* the touchstone of the
inquiry into the existence of a protected
liberty interest in avoiding restrictive
conditions of confinement "is not the language
of regulations regarding those conditions but
the nature of those conditions themselves 'in
relation to the ordinary incidents of prison
life.'" *Wilkinson v. Austin*, 545 U.S. 209, 223
(2005)(quoting *Sandin, supra,* 515 U.S. at 484).
In deciding whether a protected liberty
interest exists under *Sandin*, we consider the
duration of the confinement and the conditions
of that confinement in relation to other prison
conditions. *Mitchell v. Horn,* 318 F.3d 523, 532
(3d Cir. 2003).  Whether or not a protected
liberty interest exists under *Sandin* requires
inquiry into the specific facts of the case.
*Id.* at 533.

In the instant case, the plaintiff alleges that was confined to the SMU since December 12, 2008. The duration of the plaintiff's confinement in the SMU does not implicate a liberty interest. *See generally Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997)(holding that a Pennsylvania prisoner's confinement in administrative custody for 15 months did not implicate a liberty interest). The plaintiff alleges that the defendants are aware that the living conditions in the SMU are harsh. The plaintiff, however, has not alleged under what conditions he is living in the SMU. Mere placement and confinement in the SMU does not raise a reasonable inference that the plaintiff is subject to an atypical and significant hardship in relation to the ordinary incidents of prison life. Accordingly, the complaint fails to state a due process claim upon which relief may be granted.

The complaint also fails to state an Eighth Amendment claim upon which relief may be granted.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Unnecessary and wanton inflictions of pain include those that are totally without penological justification. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002).

Punishment is cruel and unusual only if it is "unusually severe, if there is a strong probability that it is inflicted arbitrarily, if it is substantially rejected by contemporary society, and if there is no reason to believe it serves any penal purpose more effectively than some less severe punishment." *Rhodes v. Robinson*, 612 F.2d 766, 774 (3d Cir.

1979)(quoting *Furman v. Georgia*, 408 U.S. 238, 282 (1972) (Brennan, J., concurring)).

An Eighth Amendment claim gives rise to a two prong analysis.  Eighth Amendment claims must satisfy both an objective component (the deprivation must be sufficiently serious) and a subjective component (the defendant must have been deliberately indifferent). *Young v. Quinlan*, 960 F.2d 351, 359-60 (3d Cir. 1992). As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  "We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious." *Hope, supra,* 536 U.S. at 738.

In addressing an Eighth Amendment conditions of confinement claim, the Supreme Court has stated that the Constitution does not mandate comfortable prisons. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991).  Conditions which are not cruel and unusual are not unconstitutional. *Rhodes*, *supra,* 452 U.S. at 347 (1981).  "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

The plaintiff has not alleged facts from
which it can reasonably be inferred that he is
or was deprived of the minimal civilized
measure of life's necessities.  Nor has the
plaintiff alleged facts from which it can
reasonably be inferred that the defendants
acted with deliberate indifference to his
health or safety.  Accordingly, the complaint
fails to state an Eighth Amendment claim upon
which relief may be granted.

*Doc. 8* at 2-10.


By the Order of August 31, 2009, we granted the
plaintiff leave to amend his complaint to attempt to state a
claim upon which relief may be granted.  We also denied the
plaintiff's motion for the appointment of counsel without
prejudice to reconsidering whether to appoint counsel, either
on motion of the plaintiff or *sua sponte*, if the plaintiff
files an amended complaint that states a claim upon which
relief may be granted.


On September 16, 2009, the plaintiff filed an amended
complaint and a second motion for the appointment of counsel.
By an Order dated September 29, 2009, we reviewed the amended
complaint pursuant to 28 U.S.C. § 1915A as follows:

The amended complaint names as defendants eight officials and employees at the United States Penitentiary at Lewisburg. The plaintiff again claims that the defendants denied him due process in connection with his placement and confinement in the SMU. He also claims that the conditions of confinement in the SHU violate his Eighth Amendment right to be free from cruel and unusual punishment, that he was denied access to the courts and that inmates in the SMU are subject to conditions and restrictions more harsh than inmates in other units in violation of the principle of equal protection.

. . .

The plaintiff alleges that on June 6, 2008, he was placed in the SMU program. He alleges that he was told by staff that it would be an eighteen month program. He alleges that on February 6, 2009, he received an incident report for refusing a direct order and placed on phase 1 of the SMU program. He alleges that since his confinement in the SMU he has not received a hearing in violation of a Bureau of Prisons program statement. The plaintiff claims that by failing to provide a hearing on his confinement in the SMU the defendants are violating his due process rights.

The plaintiff alleges that housing two high risk, violent or predatory inmates with a history of disciplinary infractions per cell in the SMU for 23 hours a day with a lack of privacy violates the Eighth Amendment and his right to equal protection of the law. He alleges that the housing/overcrowding increases negative physical and psychological effects, such as stress, anxiety and depression, of close confinement. He alleges that excessive levels of stress induce physical illness, mental or emotional disturbance and increased

suicidal and assaultive behavior.  He alleges that "CIM separatee assignments" are housed together on the SMU and must demonstrate a willingness and ability to coexist at phases 3 and 4 of the SMU program.  He alleges that when prison officials know of danger or the threat of violence yet fail to enforce a policy or take other reasonable steps to prevent an altercation that is deliberate indifference.

The plaintiff also complains about other conditions in the SMU.  He alleges that the cell temperatures at USP Lewisburg are warmer than outside temperatures and that inmates in the SMU are at heightened risk of heat-related injuries.  He alleges that inmates in the SMU are not provided with access to current events or television and that the amount of personal property and commissary purchases allowed in the SMU is severely restricted.  He claims that the conditions violate the Eighth Amendment and equal protection of the law.

The plaintiff also claims that the restrictions placed on his access to legal materials, books and the law library as well as the requirement that he pay fifteen cents per page for photocopies denies him access to the courts and equal protection of the law.

We conclude that the amended complaint fails to state a claim upon which relief may be granted.

Liability in a *Bivens* action may not be based on *respondeat superior*. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).  "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 1949.  The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional

rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The plaintiff has not alleged that any of the eight named defendants were personally involved in the alleged violations of his rights. Accordingly, the amended complaint fails to state a claim upon which relief may be granted.

Apart from the failure to allege personal involvement on the part of the defendants, the amended complaint fails to state a claim upon which relief may be granted for other reasons.

For the reasons set forth in the order of August 31, 2009 with regard to the original complaint, the amended complaint fails to state a due process claim upon which relief may be granted based on the plaintiff's confinement in the SMU. The amended complaint does not contain allegations that lead to a plausible inference that he was subject to an atypical and significant hardship in relation to the ordinary incidents of prison life. Accordingly, the amended complaint fails to state a due process claim upon which relief may be granted.

The plaintiff claims that the conditions in the SMU violate the Eighth Amendment. He complains about being double celled, the cell temperature and restrictions on access to current events or television and the amount of personal property and commissary purchases allowed in the SMU.

As indicated in the order of August 31, 2009, Eighth Amendment claims must satisfy both an objective component (the deprivation must be sufficiently serious) and a subjective component (the defendant must have been deliberately indifferent). *Young v. Quinlan*,

960 F.2d 351, 359-60 (3d Cir. 1992). As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Double celling inmates is not *per se* unconstitutional. *Rhodes, supra,* 452 U.S. at 352. Doubling celling may, however, amount to cruel and unusual punishment if combined with other adverse conditions. *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996). Considerations that are relevant in determining if double celling violates the Eighth Amendment "include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such a plumbing, ventilation, and showers." *Id.*

The plaintiff alleges that he has been in the SMU since June of 2008, that he is double celled for twenty-three hours a day and that such double celling leads to tension and stress. The plaintiff, however, has not alleged the size of his cell in the SMU, and, apart from alleging that the temperature in the cells is higher than outside temperatures, he

has not alleged the physical condition of his
cell in the SMU.  The plaintiff alleges
generally that the inmates in the SMU are
violent and that double celling leads to
tension.  However, he has not alleged that he
suffered a substantial injury from another
inmate or facts from which it can reasonably be
inferred that he is in imminent danger of
substantial injury as a result of being double
celled.  The plaintiff's allegations regarding
the conditions of the SMU, even when combined
with the other alleged restrictions imposed on
inmates in the SMU, do not raise a plausible
inference that the plaintiff was denied the
minimal civilized measure of life's necessities
or that the defendants acted with deliberate
indifference to his health or safety.
Accordingly, the amended complaint fails to
state an Eighth Amendment claim upon which
relief may be granted.

The amended complaint also fails to state
a claim upon which relief may be granted of
denial of access to the courts.

"Under the First and Fourteenth
Amendments, prisoners retain a right of access
to the courts."  *Monroe v. Beard,* 536 F.3d 198,
205 (3d Cir. 2008).  There are two general
categories of claims of denial of access to the
courts. *Christopher v. Harbury*, 536 U.S. 403,
413 (2002).

The first category is forward-looking
claims which are prospective in nature. *Id.*
The essence of this category of cases is that
official action is frustrating the plaintiff in
preparing or filing suit at the present time.
*Id.*  The opportunity to litigate "has not been
lost for all time, however, but only in the
short term; the object of the denial-of-access
suit, and the justification for recognizing
that claim, it to place the plaintiff in a

position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.*

The second category of claims of denial of access to the courts is backward-looking claims which are retrospective in nature. *Id.* at 413-14. These cases do not look forward to future litigation, "but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produce a remedy subsequently unobtainable." *Id.* at 414 (footnotes omitted). "The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.*

The ultimate justification for recognizing each kind of access claim is the same. *Id.* "Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id.* at 414-15. The right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. Therefore, a plaintiff must allege an actual injury by identifying a nonfrivoulous, arguable underlying claim blocked or lost by the alleged denial of access to the courts. *Id.* The underlying cause of action, whether anticipated or lost, is an element of the access claim. *Id.* Like any other element, the underlying cause of action "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. In the prison setting, actual injury is the loss of a non-frivolous claim that relates to a challenge, direct or

collateral, to an inmate's conviction or relates to a challenge to the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351-54 (1996).

The plaintiff complains about the restrictions placed on his access to legal materials, books and the law library as well as the requirement that he pay fifteen cents per page for photocopies. The plaintiff alleges the he can not adequately research, prepare and file papers for violations that occurred at his disciplinary hearing and SMU hearing and regarding his conditions of confinement and criminal conviction. The plaintiff, however, has not alleged a nonfrivolous claim that has allegedly been blocked or lost as result of the restrictions placed on him in the SMU. Accordingly, the amended complaint fails to state a claim of a denial of access to the courts upon which relief may be granted.

The amended complaint also fails to state an equal protection claim upon which relief may be granted.

The Due Process clause of the Fifth Amendment contains an equal protection component which prohibits invidious discrimination between individuals or groups. *Washington v. Davis,* 426 U.S. 229, 239 (1976). Equal protection "is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" *Artway v. Attorney General*, 81 F.3d 1235, 1267 (3d Cir. 1996)(quoting *City of Cleburn v. Cleburn Living Center*, 473 U.S. 432, 439 (1985)). In order to establish a viable equal protection claim, a plaintiff must show an intentional or purposeful discrimination. *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985).

The plaintiff contends that the conditions
in the SMU violate equal protection.  As to
some of those conditions, he alleges that he is
subject to more restrictions that other
similarly situated inmates in the custody of
the Bureau of Prisons.  However, the plaintiff
does not allege that he has been treated
differently that other inmates housed in the
SMU.  The plaintiff has not alleged facts from
which it can plausibly be inferred that he or
other inmates in the SMU are similarly situated
to inmates in other units in the custody of the
Bureau of prisons.  Accordingly, the amended
complaint fails to state an equal protection
claim upon which relief may be granted.

*Doc. 12* at 8-22.


Before dismissing a complaint for failure to state a

claim upon which relief may be granted pursuant to the

screening provisions of 28 U.S.C. § 1915A, the court must grant

the plaintiff leave to amend his complaint unless amendment

would be inequitable or futile. *See Grayson v. Mayview State*

*Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  By the Order of

September 29, 2009, we granted the plaintiff one final

opportunity to amend his complaint to attempt to state a claim

upon which relief may be granted.[2]  The plaintiff was granted

---

[2] By the Order of September 29, 2009 we also denied the
plaintiff's second motion for the appointment of counsel
without prejudice.

leave to file a second amended complaint on or before October 30, 2009.

On October 9, 2009, the plaintiff filed a second amended complaint.[3]

We review the second amended complaint pursuant to 28 U.S.C. § 1915A.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do

---

[3] The plaintiff also filed a third motion for the appointment of counsel. By a separate order, we have denied that motion.

more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

We conclude that the second amended complaint fails to state a claim upon which relief may be granted.

The plaintiff again asserts a due process claim based upon his confinement in the SHU.  The plaintiff, however, still has not alleged facts from which it can reasonably be inferred that he was subject to an atypical and significant hardship in relation to the ordinary incidents of prison life. Accordingly, the second amended complaint fails to state a due process claim upon which relief may be granted.

The plaintiff again asserts an Eighth Amendment claim. He again alleges that he is double celled with high risk inmates for 23 hours a day.  He also alleges that the defendants use chemical agents on inmates who do not accept a cellmate and that chemical agents were used on him on February

1, 2009 after he refused to accept a cellmate because of geographical differences.  He alleges that the use of chemical agents was authorized by the defendants.

We conclude that the second amended complaint fails to state an Eighth Amendment excessive use of force claim upon which relief may be granted.

When prison officials are accused of using excessive force in violation of the Eighth Amendment the inquiry "is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  The following factors are relevant in determining if the force was applied in a good faith effort to restore discipline or was applied maliciously and sadistically to cause harm: the extent of the injury suffered; the need for the application of the force; the relationship between that need and the amount of force used; the threat reasonably perceived by the official; and any efforts made to temper the severity of a forceful response. *Id*.

Given that the plaintiff alleges that the chemical agents were used after he refused to accept a cellmate, the plaintiff has failed to allege facts from which a reasonable inference can be drawn that the defendants authorized the use of chemical agents maliciously and sadistically to cause harm rather than in a good faith effort to restore discipline. Accordingly, the second amended complaint fails to state an Eighth Amendment excessive force claim.

We also conclude that the second amended complaint fails to state an Eighth Amendment conditions of confinement claim upon which relief may be granted. The allegations of the use of chemical agents on inmates who refuse to accept cellmates does not lead to a reasonable inference that the plaintiff was denied the minimal civilized measure of life's necessities or that the defendants acted with deliberate indifference to his health or safety. Accordingly, the second amended complaint fails to state an Eighth Amendment claim upon which relief may be granted based upon his conditions of confinement.

Given that the plaintiff has already twice been granted leave to amend his complaint and he has nevertheless failed to state a claim upon which relief may be granted, we conclude that allowing further amendments in this case would be futile.

Based on the foregoing, it is recommended that the second amended complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: October 13, 2009.