# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOWARD LEE HARRISON,** | : | CIVIL ACTION NO. 1:09-CV-01600 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **WARDEN BLEDSOE, MRS. REAR, MRS. MARIANO, ESTRADA, PASSANITI, BREWER, REEVES and HOUSER,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 13th day of January, 2010, upon consideration of the second amended complaint (Doc. 14), filed by plaintiff Harrison, and upon further consideration of the report of the magistrate judge (Doc. 18), recommending that the second amended complaint (Doc. 14) be dismissed, and that the case file be closed, and, following an independent review of the record, it appearing that the second amended complaint (Doc. 14) in the above-captioned matter alleges denial of due process and violation of the Eighth Amendment right to be free from cruel and unusual punishment, and that the magistrate judge's report recommends that the second amended complaint (Doc. 14) be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, and that the case file be closed, and it further appearing that neither party has objected to the magistrate judge's report and recommendation,[1] and

---

[1] Objections were due by October 30, 2009. As of the date of this memorandum and order, none have been filed.

that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 18) is ADOPTED.

2. All claims are DISMISSED. Leave to amend is denied as futile.

3. The Clerk of Court is directed to CLOSE this case.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.